Let's do something super fast. Number is five 12 mm Yes. Mhm Okay. Please support today. My name is Lawrence O'Hale from the Office of the State of and I represent Nathan Johnson in this matter. This case is before this court filed the circuit court granting the state's motion to dismiss Mr Johnson's amended post conviction petition at the second stage of the post conviction proceedings. Mr Johnson was charged with first degree murder for the death of his 10 year old stepson in a house fire. He later played pled guilty to the class X felony offense of aggravated arson and was sentenced 30 years and negotiated guilty plea agreement. Mr Johnson has raised two issues in this appeal with the court's indulgence. I intend to argue the issue presented in the supplemental brief in this issue. I argue that appointed post conviction counsel did not provide reasonable level of assistance by failing to amend the post conviction petition to raise the claim that Mr Johnson's guilty plea was not knowing and involuntary and the trial counsel was ineffective where the prosecutor, trial judge and defense counsel told Mr Johnson that he faced a mandatory life prison sentence on the murder charge because the deceased was under the age of 12 when in fact he did not face the mandatory natural life sentence because that statute declared unconstitutional by the Illinois Supreme Court in people versus wooters for a violation of the single subject. I asked this court to reverse the judgment of the circuit court and remand the matter for further proceedings and allow new counsel to amend the petition to raise this claim. Did he bring this up initially in his initial filing? Did he file it in the first stage? Was that brought up at all? The specific issue as to the mandatory life sentence that was not raised ever. No, your honor, it was not the direct appeal. You talk about that. There was no direct appeal. He withdrew the direct appeal on his motion to withdraw guilty. But then when he found his first PC, he did not claim. That's correct. Your honor is the first time it came up. This was talked about with the attorneys. No, correct. The well, you mean this issue? Yes, this issue was first. Well, if the motion to dismiss the post conviction here, appointed post conviction counsel mentioned that there that the natural life mandatory natural life sentence was declared unconstitutional, but he did not raise that issue in the amended petition. So that is the only reference below to this issue. But the issue here, your honor, is whether appointed post conviction counsel complied with Rule 6 51 C by not amending the motion, but not amending the prosaic petition to raise this claim. Under Rule 6 51 C, appointed counsel is required to examine the record of the proceedings and make any amendments that are necessary for an adequate presentation of the petitioner's contentions. The petitioner is entitled to a reasonable level of assistance from appointed counsel. Post conviction counsel renders unreasonable assistance when an amendment to the petition would prevent the dismissal of the petition, such as reframing the there is unreasonable for counsel not to amend the petition. It's not actually reframing the issue. That issue was never there, was it? Your honor, the point of counsel has an obligation under the rule to examine the record and make any amendments that are necessary for a proper and adequate presentation of the petitioner's claim stated claims. Now, if a prosaic petition outlines the basis of a claim, but what I'm trying to say is that it did the prosaic petition did not outline this or not this, not this particular claim, your honor, but it did allege that the guilty plea was involuntary. He was confused at the proceedings. He was coerced into the guilty plea. He received ineffective assistance of make reference. This is a handwritten prosaic petition. Most of them are correct. And this is a layman, your honor, who is depending upon his appointed counsel to shape those those outlines of his claims into properly perform in the amended petition. Now, if a petition, if a prosaic petition outlines the basis of a claim in the record reveals facts that would would allow for a related claim. Post Conviction Council provides unreasonable assistance by not amending the petition to present that claim if it's supported by the record evident by the record. And here at the at the at the guilty plea hearing, the judge, uh, admonished Mr Johnson that he faced a mandatory life prison sentence. He emphasized it actually before he says the state's attorney wants me to emphasize that you face this mandatory life sentence. And then he went on to say, so the maximum minimum sense you face is 20 years to maximum 60. But the maximum time under the natural life sentence would be until the day you die. That is emphasized. Now, the judge has an obligation under the Supreme Court Rule 402 to properly admonish a defendant with respect to the maximum sense prescribed by law that was evidence in the record. So a point of Post Conviction Council is he's reading the record trying to shape the prosaic petitioner's claim into proper legal form. That issue would have been obvious. And even more here, your honor, the council Post Conviction Council did not need to scour the record to find this issue. It was right there in the guilty plea transcripts and council was aware of it. Council was aware of this issue as evident by his not raising. So tell me what made that evident at the at the hearing that he was aware of it. It was. It was a passing remark, a flippant remark during appointed counsel's argument on the motion to dismiss. And what was the flippant remark? I guess. Well, you don't have to hear a phrase. Basically, you said that there's a problem with this, uh, with this fact that the statute was declared unconstitutional on this mandatory life sentence and people versus looters even see even cited the case. He said that I looked into it and looked like that there was maybe a change and it was reenacted maybe. But I'm not sure. And he just dropped. He just dropped that issue. He was clearly aware of it. He knew of the Supreme Court case. He's there at the motion to dismiss hearing, arguing that the amended petition presents a substantial showing of a violation of Mr Johnson's constitutional right, his right to anoint the voluntary guilty plea and ineffective assistance of counsel and that he didn't raise that issue. So this is not this is not an issue that was the council had to go through the record to discover, and it was too unrelated to the claims that Mr Johnson presented in his pro se petition. It was there's established by the record evident by the record. It's consistent with Mr Johnson's stated claims in his pro se petition that his guilty plea was involuntary. This is a lay person who's dressed as opposed to this pro se petition. He's not well versed in the law. He makes general claims. I didn't understand it. I didn't understand the plea. My counsel was ineffective. He didn't give me proper advice. Whatever. Those are those are claims sufficient to alert counsel. But that's that's the outline of the claim. And here, counsel knew that there was an issue. The judge gave incorrect admonishments. Furthermore, the question as to whether Mr Johnson was induced to plead guilty based upon the naturalized sentence that cannot be dismissed. Second stage second stage hearing that has to go to an evidentiary hearing. But the issue here is whether counsel complied with 6 51 C and failing to amend an issue. It was evident by the record related to Mr Johnson's claims and presents a substantial showing of a violation of the Constitution. Right. And counsel knew of that issue, and he just failed to follow through on. We're only asking here your honors to send it back to have new counsel finally filed an amended petition to raise a claim, and then it could be that could be adjudicated in the second or third stage of the proceedings. The issue here is that it was clearly evident by the record in counsel knew of it, and he didn't proceed. He didn't raise that issue. I guess you are. Let's assume that you get what you want. It goes back and that is like he had a negotiated plea and the state had a cap of 35. It was a 30 35 cap. You could have got 60 on the neon agent. Now there are appeals back charge. Yeah, good. He got 60. So if it goes back, he could be charged with everything. It'd be start like starting a new, isn't it? He's not locked into the 30. Well, that's a little. Yes. Generally speaking, you're correct, but that's jumping ahead of the game. I know that, but I'm just trying to think how loud see if it's a good deal for him to go back. That's Mr Johnson. He's been in prison with 13 years already. I believe I believe so. That's his decision. That's his decision. Correct. And the issue is whether counsel should have amended the petition. Thank you. Thank you. Mhm. Morning. Let's be very specific about the issue. The defendant's argument. It's not an issue that he has a void sentence because of a post wounders treatment of a natural life sentence or anything like that. It's an argument that says this, that the defendant entered to a guilty plea that he was induced into an attorney's guilty plea because he was under the guillotine, if you will, of a natural life sentence. If he proceeded forward with a murder charge, that this was the prime motivation for him to enter in this guilty plea that he discusses with his attorney that he had done this and that he was his mindset was was molded, if you will, by the knowledge or principally by the knowledge of what could happen to him had he decided to not accept his guilty plea and go forward with the murder charges. It's perfectly stated. That's a lot. This is courts aware of. In other cases involving withdrawal of guilty pleas, you have to show a but for type of thing that but for this, that you have done what you did, i.e. guilt, plead guilty or go to trial, whatever the case may be. So it's under that context, then, that we then move to the next step. We have to say, okay, well, when we talk about ineffective assistance of post-conviction counsel, this is not a strickling standard. This is a statutory standard, and it's less. It tends to be argued as more, but it isn't. It's a very strict rules standard under Rule 651C. Let me say that one more time, all the courts are well aware of it. Counsel is obligated to consult with the defendant, ascertain the defendant's contentions, examine the record and make necessary amendments for an adequate presentation of the petitioner's contentions. Defendant sort of changes the rule a little bit here in oral arguments as well. That means that you have to look at the record and derive all these perhaps related claims. Well, that could go on into infinity, what a related claim is. The defense counsel here, post-conviction counsel, is required to present the petitioner's claims. In case law, it's held that you're not required to fashion the petitioner's particular claims for presentation of the post-conviction. So that ties into what I'm saying here is because we now have to be able to say, well, this attorney was armed not with some knowledge of rulers. You know, I'm going to interpose an interruption here to talk about the Flippen's comment, as it was referred to here. I think what's interesting about that comment is what it doesn't say as much as what it does say. It does say that counsel had, there's an interesting thing for him that was declared unconstitutional in Wooters in 1999. It still looks, it's still actually sort of an open question out there whether it is or is not an enforceable sentence. And that's not something I would submit needs even be decided in this particular context. What it does say is this, that he was armed with the knowledge of Wooters, but he clearly was not armed with anything beyond that, which would say, ah, well, in his exact comments, this is something that probably should have been conveyed to him at the time of the plea. It doesn't say is, well, having talked to the defendant, I realized that he wouldn't have gone forward with this if he had been aware of Wooters and the status of nationalized sentences, et cetera, et cetera. So what it doesn't say is almost as strong as what it does say, perhaps more so, because it requires you to do what the defendant is doing a lot of in this case, and that's drawing a lot of suppositions that don't bear fruit in the record itself. The defendant's present, the defendant's contentions in the petition, and I'm going to characterize this from the defendant's brief itself, is that he did not understand the plea, that he was coerced, that he received ineffective assistance of plea counsel, and that under Apprendi, his plea was improperly enhanced. The defendant draws from that a specific argument that that means that counsel should have known that he wouldn't have ever entered his plea had he known that Wooters said this, and that would have aggregated the possibility of a nationalized sentence. Well, that's true, definitely. That's an awfully huge inducement, though. I mean, if... But was that the inducement? That's the point. We don't know. Was the sentence at that time for 20 to 40 or 20 to 60? 60. Huh? 60. 20 to 60? 20 to 60, assuming the correctness of the argument there. 60 here, or plea down to your third, count two. Correct. Okay. Right. The thing is, we don't know what happened, but... But we do know that he was told that he could get natural life. He had to be told that. We do know that. He had to be told that. That was part of the plea process itself. But even if he didn't have that, he would have to get 60 years. Absolutely. Right. I mean, it's... If we're going to talk about suppositions, you know, and but for, we also have to... Why don't I do it? I'll do it the other way and say, well, if but for, the fact that he was told this, do you think he still would have run the risk of running a 60-year or 120-year sentence? Maybe not. Maybe he spent a term eligible. How old was that guy at that time? I think he was fairly young. I don't know the exact... 20 or so, or 30, isn't it? Probably in his 20s, I believe. But he pled on a cap of 35. Correct. Right. Well, the cap, I think, was that he pled the 30. Oh, I thought it was 35. No. The cap was 35, and he got 30. He got 30. But the cap was 30, though. Correct. Yes, that's right. That's right. I mean, it's a good deal. But the problem is, Staff, we don't know, we don't know what these inducements were, and we can't presume that under 651, that under the rules that we have to go by, as far as assessing the post-conviction counsel's effectiveness, if you will, under that particular standard, that he was aware of something and then failed to present it. What that flippant comment shows, and what everything else shows, is he probably wasn't. Because he'd never been conveying something that said, Mr. Post-conviction attorney, if I'd known this, I wouldn't have pled guilty. We don't know that, and we can't assume that here. In essence, this appeal sort of works in reverse. We take a presumption, we apply it to the defendant's post-conviction counsel, and then we send it back to have it included in the first place. So, in essence, the five of us have created an issue for the defendant that he didn't see fit to convey to his own attorney. And that's not sensible. That's just not how it works. And so, you know, in the defendant's brief, he says, Well, I didn't understand the plea. He was coerced. He received ineffective assistance of counsel. Apprendi, when you look at the pro se petition, all of those relate to things that don't have any bearing whatsoever to, if I had known this, I would not have pled guilty. What they say is, in the workers' context, Your Honor, the Apprendi claim related to the fact that he had to do 85% of the sentence for the aggravated arson. The coercion was just a naked claim without any relationship to anything else. The understanding of it actually relates to the defendant's first issue in this case, which we haven't talked about, which was, and I'll rest on my brief in that regard, but that was whether, you know, the defendant made some sort of offhand comment like, I don't understand all those constitutional rights and all that, but, you know. And that's what that particular claim relates to. So, I think what this court needs to do is, number one, it has to specifically identify the issue. And then it has to look at that, not through imprisonment of ineffective assistance of counsel or through the string of suppositions that the defendant wants you to look at, but it has to look at this case through the prism of what an effective post-conviction counsel is required to do. He's required to listen to his client, consult with his client, look at the record, and fashion his specific claims for court review in order to avoid forfeiture, waiver, or to win the case for the defendant. It doesn't require you to go beyond that. And we can't here presume just because three judges or two attorneys would say, I would have added this. And we don't even know what the defendant's thought process was at the time of the plea. He said at the time of his plea he wanted to plead guilty because he wanted closure for the family. That was his specifically stated motivation at the time of the guilty plea. He didn't say, I've got to plead guilty. I'm going to do a natural life for prison. He says, I feel bad for the family. I want to plead guilty. So, if we're going to look at the record, the record doesn't even jive with the defendant wants this court to plead. So, based upon all that, I would ask this court for all reasons stated in the brief to move a firm judgment of the circuit court to specifically close the case. Thank you. First off, your honors, it is not an open question whether the legislature reenacted that statute post-Wooters. The state has no authority to support the claim that it was reenacted. I cited a couple of cases in my brief, particularly the Quiverio case, a 2010 case where the appellate court specifically stated that the statute was declared unconstitutional. What was that case again? Quiverio, I believe. Was that an appellate court case? Yes, your honors. What's this one? Yes. This court specifically held that the statute was declared unconstitutional and it has not been reenacted. So, there's no authority for the argument that it had been reenacted and therefore counsel was unreasonable for not raising the claim here. Secondly, it is true that we don't know what an inducement the natural life sentence was at this stage of the case. We do know that the trial judge was incorrect in his admonishment. We do know that the judge emphasized the natural life sentence and then Mr. Johnson pled guilty to that 30 years. We do know, but we do not know whether that particular factor was the inducement that required that he went forward and pleaded guilty on. But this is not the appropriate stage for this and this is not the appropriate standard for determining whether post-conviction counsel complied with 651C by not amending the issue, not amending the petition to raise this issue. The issue, again, was clearly set out in the record. It was within the bounds of the claims Mr. Johnson raised in his pro se petition. Counsel knew about it and he failed to raise it. So here, the question is simply whether counsel's decision not to raise that issue constituted unreasonable representation under Supreme Court Rule 651C. Are there any other questions or comments? No. I have no questions. Thank you. Thank you. The court will take the case under advisory review. We'll take a short recess.